# IN THE COURT OF APPEALS OF IOWA

No. 18-1948
Filed August 21, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUSTIN DENNIS HULLINGER SHIELDS,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Wayne County, John D. Lloyd,

Judge.


Justin Shields appeals the district court's denial of his motion to suppress

preceding his conviction of operating while intoxicated. **AFFIRMED.**


George B. Jones, Lamoni, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant

Attorney General, for appellee.


Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

On March 31, 2018, Deputy Cody Jellison of the Wayne County Sheriff's Department arrested Shields for operating while intoxicated (OWI). Shields was nineteen years of age at the time and possessed a commercial driver's license (CDL), although he was driving a non-commercial vehicle at the time. At the jail, Jellison requested Shields to submit to a chemical breath test, and Jellison read Shields a standard implied-consent advisory form. Shields makes no claim that the initially provided advisory failed to comply with the requirements of Iowa Code section 321J.8 (2018).[1] After reading the advisory to Shields, the following exchange[2] occurred:

> Jellison: Okay. So having read you the implied consent, I'm going to ask you for a sample of your breath on the DataMaster.
> Shields: So, basically, the way I'm understanding it, I have a class A and I'm under 21, so that's one year for my CDL and 180, or sixty days for my driver's license?
> Jellison: Well, how old are you? You're under twenty-one? When is your birth date, 99?
> Shields: Yeah, March 29.
> Jellison: So, if you refuse the test, it's going to be 180 days and then of course—yeah, if you refuse the test—just to make sure I'm telling you right here. Refusal to submit to the withdrawal of a body specimen for chemical testing, which means a sample of your breath, will result in revocation of your privilege to operate a motor vehicle for one year if you have not previously been revoked within the previous twelve years. So you have never had an OWI, correct, or 02 or anything like that.

---

[1] The advisory correctly informed Shields as to his circumstances: (1) a refusal to submit to chemical testing would result in revocation of his driving privileges for one year; (2) consenting to a chemical test resulting in an alcohol concentration of .08 or more would result in revocation of his driving privileges for 180 days; (3) consenting to a test resulting in an alcohol concentration of .02 but less than .08 would result in revocation for sixty days because he was younger than twenty-one years of age; and (4) his CDL would be disqualified for one year if he refused to consent or provided a sample with an alcohol concentration of .08 or more. *See* Iowa Code §§ 321.208(2); 321J.2(1)(b); .2A; .8(1)(a), (b); .9(1)(a); .12(1)(a), (5).

[2] A video of the reading of the implied-consent advisory was admitted as evidence at the suppression hearing.

> Shields: No.
>
> Jellison: Okay, so it would be for a year if you refused.  Let me read and tell you the right thing here.  If you are under age twenty-one and the test results indicate an alcohol concentration of two-hundredths but less than eight-hundredths, your license will be revoked for sixty days if you have no previous revocation under Iowa Code chapter 321J within the previous twelve years of ninety days if you have a previous revocation.  So you have not had a previous revocation or anything, *so if you submit to the test and consent to it and you fail, it will be for sixty days, is what it would be, so.*  And then, let's see, if you have a CDL, which you do, the Department will disqualify your commercial driving privilege for one year if you submit to the test and fail it.  Or if you refuse to take the test or you are operating while—
>
> Shields: Operating a commercial vehicle.
>
> Jellison: Right. And you weren't.  So you don't have to worry about that part. . . .
>
> Shields: I just wanted to clarify.  That is exactly how I thought it was.
>
> Jellison: Yup, yup.  No problem, no problem at all.

(Emphasis added.)  Shields then signed his consent to chemical testing.  The test resulted in an alcohol concentration of .125.

The State formally charged Shields with OWI.  Shields moved for suppression of his chemical-breath-test result, arguing the advisory he was given prior to consenting was incorrect and rendered his consent involuntary.  In a subsequent brief in support of his motion, Shields additionally argued the advisory he was given violated his due process rights.  Following a hearing, the district court denied the motion, finding no indication that Shields "in any way became confused by what the officer said or that his initial correct understanding was changed in any way."  The supreme court denied Shields's application for discretionary review.  *See* Iowa Code § 814.6(2)(a); Iowa R. App. P. 6.106(1)(a). The district court found Shields guilty as charged following a bench trial on the stipulated minutes of evidence.

Shields now appeals the district court's denial of his motion to suppress. He argues the advisory he was given prior to consenting to a chemical breath test violated Iowa Code section 321J.8 and due process and his consent to testing was involuntary.

We review Shields's claim that the advisory he was given violated section 321J.8 for correction of legal error. *State v. Hutton*, 796 N.W.2d 898, 901 (Iowa 2011). "[S]ection 321J.8 requires an officer to advise the person of certain consequences that may result from the decision" of whether to submit to chemical testing. *Id.* at 902. In assessing whether the statute was complied with, "we consider whether 'the statutory purpose was accomplished' under the circumstances." *Id.* at 905 (quoting *Voss v. Iowa Dep't of Transp.*, 621 N.W.2d 208, 212 (Iowa 2001)). The statute's purpose is to provide the subject "a basis for evaluation and decision-making in regard to either submitting or not submitting to the test." *Id.* (quoting *Voss*, 621 N.W.2d at 212). "[A] misleading implied consent advisory . . . does not advance the purpose of the statute . . . ." *State v. Massengale*, 745 N.W.2d 499, 504 (Iowa 2008), *abrogated on other grounds by Hutton*, 796 N.W.2d at 904 & n.4.[3]

---

[3] The *Hutton* court disavowed *Massengale* only to the extent the prior ruling was in conflict with its holding in the latter case that "the version of section 321.208 in effect at the time of Hutton's arrest did not provide for a one-year CDL suspension for 'failing' a breath test." *Hutton*, 796 N.W.2d at 904 & n.4. *Compare id.* at 902–03 (concluding statutory amendments require a driver "be advised that his CDL would be revoked if he refused the test or if he was found to have operated his vehicle while under the influence of an alcoholic beverage" (discussing Iowa Code section 321.208 (2009))), *with Massengale*, 745 N.W.2d at 503 ("[A]n individual . . . holding a CDL and driving a noncommercial vehicle will lose his commercial driving privileges for one year if he refuses or fails chemical testing." (discussing Iowa Code section 321.208(2) (2007))). *Massengale* and *Hutton* demonstrate the confusion caused by the historical statutory amendments to and interplay between sections 321.208, 321J.2, and 321J.8. Those issues are no longer prevalent.

Here, the initial advisory provided to Shields complied with the statute. After being provided the advisory and being asked to submit to testing, Shields asked for clarification—"So, basically, the way I'm understanding it, I have a class A and I'm under 21, so that's one year for my CDL and 180, or sixty days for my driver's license?" As the district court pointed out, Shields correctly stated the law in his question. During the ensuing exchange, Jellison stated the alcohol-concentration thresholds applicable to persons under twenty-one years and advised Shields his license would be revoked for sixty days if he consented to testing and "fail[ed]" the test. Shields argues this statement was not in compliance with the statute.

Getting technical, we disagree. Because Shields was under twenty-one, he would "fail" the test in the statutory sense if the test resulted in a mere alcohol concentration of .02. *See* Iowa Code §§ 321J.2A(1), .8(1)(b). Thus, the statement that his license would be revoked for sixty days if he "failed" the test was not an incorrect statement of the law. *See id.* § 321J.12(5). Shields goes on to argue that, "[b]y not making clear that, despite [his] age, he could still be subject to the 180-day sanction for testing over .08, the officer failed to provide the advisory required by 321J.8." *See id.* § 321J.2A ("[I]f the person is convicted of a criminal offense under section 321J.2, the revocation imposed under this section shall be superseded by any revocation imposed as a result of the conviction."). But Shields wholly ignores the fact that complete and accurate information was already provided to him in the standard advisory. There is nothing in the record to indicate that not repeating it caused confusion or obscured the meaning of the previously given warning. *See Hutton*, 796 N.W.2d at 905.

Upon our review, we find Shields was provided the statutorily required information to develop "a basis for evaluation and decision-making in regard to either submitting or not submitting to the test" and the statutory purpose was therefore accomplished. *See id.* (quoting *Voss*, 621 N.W.2d at 212). We find no legal error in the district court's conclusion of the same. Shields's due process and involuntariness claims wholly rely on his claim that the advisory he was provided was inaccurate or incomplete. Having rejected that argument, we likewise reject his remaining arguments. We affirm the denial of Shields's motion to suppress.

**AFFIRMED.**